SEYMOUR
v.
WEBSTER.

And a default taken upon serving a declaration, in this manner, was set aside.

*S. A. Foot*, contra, said, that in a proceeding by *capias* against an attorney, the course is as in ordinary cases, unless the attorney gives notice that he means to defend, as was in fact done in *Brown v. Childs*, (17 *John*. 1.) In the *President*, &c. of *Bridgeport Bank* v. *Sherwood*, (16 *John*. 43) the proceeding was by bill. The attorney ought to give notice, that he means to defend, if he wishes service upon his agent, or upon himself, as attorney. He may have waived his privilege by ceasing to practice; and it cannot be known to the opposite party in what manner he may elect to defend, unless notice is given.

---

SEYMOUR, late Sheriff, &c. *against* WEBSTER.

On certiorari, the justice dying before he makes return, the court will hear the cause on affidavit.

Form of the rule directing this course of proceeding.

ON certiorari from a Justice's Court. The writ was served on Mr. *Spencer*, late a Justice of *Monroe* county, who died after the return day, without having made any return.

*C. M. Lee,* for the plaintiff, moved that the cause be heard on a return by the clerk of Mr. *Spencer,* or upon affidavits. He relied upon *Shotwell's case,* (10 *John.* 304.)

*A. Sampson,* contra. The case of *Shotwell* is distinguishable from present one. It was an application to quash proceedings on a conviction of forcible entry and detainer, and award re-restitution. The Justice being dead, the Court decided, that they would hear and determine it upon affidavit. It appears, by the cases there cited, at page 308, that such a proceeding may be quashed, and restitution awarded, even where the magistrate is living. It was, in its very nature, the proper subject of a motion. But no case can be found, in which the Court will review a cause, on the merits, upon affidavit. There can be no assignment of errors, or issue, upon which a judgment may be rendered.

*Curia.* Unless this cause can be heard without the return of the Justice, the party is remediless. We think the authority which we have been referred to by the plaintiff's counsel, presents a case similar to the present. There, the right of the Court to hear the matter upon affidavit is placed upon the familiar maxim, " that the visitation of Providence works an injury to no man."(a) The judgment rendered in that cause was afterwards reversed on error,(b) but the right to hear the cause upon affidavit was not questioned by the Court of Errors. They went upon other grounds, arising (let it be remarked) from the very facts which appeared by the affidavits. We think that, to prevent a failure of justice, the same course must be pursued here. The affidavits before us do not disagree ; but the cause must be heard at some future day.

(a) 10 *John.* 308.

(b) *Clason* v. *Shotwell,* 12 *id.* 31 to 68.

We accordingly direct the following RULE :

" Ordered, that the plaintiff in error have leave to bring on the argument of this cause at the next term, on the usual notice ; that the proceedings had before the Justice be brought before the Court on affidavits ; that the plaintiff serve on the defendant's attorney, and the defendant's attorney, in like manner, serve on the plaintiff's attorney, cop-

UTICA,
August, 1823.

ies of the affidavits on which they respectively rely ; and that the question of affirmance or reversal be argued on the facts contained in those affidavits."

